## Commonwealth v. Goff

*Leroy K. Donaldson*, district attorney, for Commonwealth.

*Edwin K. Logan*, for defendant.

BRAHAM, P. J., July 17, 1947.—Defendant has been convicted of practicing chiropody without a license. His motion for a new trial is now before us. He assigns as reasons for a new trial the lack of evidence to support the verdict, the exclusion of evidence to show innocence because no regular fee was charged and the general inadequacy of the charge.

The indictment was laid under the Act of March 21, 1945, P. L. 51, 63 PS §41 which prohibits any person from practicing chiropody, after January 1, 1946, without a license. Chiropody as defined in the act is "the surgical treatment of abnormal nails, all superficial excrescences occurring on the hands and feet, such as corns, warts, callosites, and the treatment of fissures, blisters, and bunions; but it shall not confer the right to operate upon the hands or feet for congenital or acquired deformities, nor for conditions requiring the use of anaesthetics, other than local, nor incisions involving structures below the level of the true skin".

Prosecutions now brought under the Act of 1945 were formerly brought under the Medical Practice Act of June 3, 1911, P. L. 639, as amended by the Act of July 25, 1913, P. L. 1220, sec. 7, 63 PS §409. The present act applies to chiropody alone and is definite in its prohibition.

The evidence disclosed that defendant did indeed operate upon the feet of his patients. He had a complete set of instruments which, according to the evidence, he used with care, skill and success. Ironically enough, all the witnesses who testified to having received treatment from defendant said they were greatly helped by defendant's efforts. There was found in defendant's office a careful card index of hundreds of patients together with the diagnosis and amounts of money received.

The failure to demand a regular fee is no defense. Helen Aly, one of the Commonwealth's witnesses, said defendant did demand a fee of $3 for removing a corn. John A. Kurtzen of the State police said he gave defendant $5; defendant laid five one dollar bills on the table; Kurtzen picked up two and left three. Our statute does not make the receipt of a gain a condition of unlawful practice. It is aimed at the protection of the public health and performance of the prohibited acts is sufficient to convict. In general the failure to exact a fee for the services is no defense to a charge of practicing a protected branch of the healing arts without a license: 41 Am. Jur. 152, §24.

No defect in the charge of the court was pointed out in oral argument; no brief has been filed; no substantial error in the instructions is observed.

Defendant has presented an appealing case. Many intelligent and competent persons appeared for him, apparently eager to tell of the benefit received from defendant's treatments. Nevertheless the command of the legislature must be respected. No reason appears for granting a new trial.

Entertaining these views we make the following

### Order

Now, July 17, 1947, defendant's motion for a new trial is overruled and refused.